**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HOVHANES VERMANYAN, | No. 09-71224 |
| Petitioner, | Agency No. A098-536-419 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 17, 2012[**]

Before:    SCHROEDER, THOMAS, and SILVERMAN, Circuit Judges.

Hovhanes Vermanyan, a native of the former Soviet Union and citizen of

Azerbaijan, petitions for review of the Board of Immigration Appeals' ("BIA")

order dismissing his appeal from an immigration judge's decision denying his

application for withholding of removal and relief under the Convention Against

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT").  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review for substantial evidence the agency's factual findings, applying the new standards governing adverse credibility determinations created by the Real ID Act.  *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010).  We deny in part and dismiss in part the petition for review.

With respect to past harm in Azerbaijan, substantial evidence supports the agency's adverse credibility determination based on Vermanyan's asylum application's omission of his only claim of personal mistreatment in Azerbaijan.  *See id.* at 1039-40.  With respect to future harm, substantial evidence supports the agency's conclusion that Vermanyan failed to establish a clear probability of persecution in Azerbaijan on account of his Armenian ethnicity.  *See Tamang v. Holder*, 598 F.3d 1083, 1094-95 (9th Cir. 2010).  Vermanyan now contends there is a pattern or practice of persecution, and that he would be singled out as a member of a disfavored group.  We lack jurisdiction to consider these claims because Vermanyan did not raise them to the BIA.  *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir. 2004) (no jurisdiction over legal claims not presented below).  Accordingly, we deny the petition as to Vermanyan's withholding of removal claim.

Finally, we also lack jurisdiction to review the agency's denial of CAT relief because Vermanyan did not raise it to the BIA.  *See id*.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**